UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONALD G. BROCK,<br><br>          Petitioner,<br><br>     v.<br><br>MELISSA LEA, Chief Deputy Warden,<br><br>          Respondent. | No. CV 08-557-SJO (PLA)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

**INTRODUCTION**

On September 9, 2011, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on January 30, 2012, petitioner filed a 109-page "Objections to the Magistrate Judge's Report and Recommendations" ("Objections" or "Obj.").

**DISCUSSION**

Initially, petitioner raises an untimely and unsupported argument that this Court erred in rejecting petitioner's earlier "Request for Recusal of Honorable Magistrate Judge Paul L. Abrams," filed on October 14, 2011. Petitioner argues that the Court "did not recognize the filing of the

recusal of the above date" (Obj. at 3, 107), but petitioner's Request was fully considered and denied in a Minute Order issued on October 31, 2011. Petitioner continues to cite specific rulings of the Magistrate Judge to which petitioner objects as a basis to support his contention that the Magistrate Judge is prejudiced toward petitioner. (Obj. at 107-08). As stated in the rejection of petitioner's earlier Request, judicial rulings alone are insufficient to constitute a valid basis for a bias or partiality motion. See Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).

Next, petitioner belatedly raises objections to the California Court of Appeal's factual summary as set forth in the R&R. (See Obj. at 3-4). Petitioner asserts that he "has constructively contested the California Court of Appeal's summary of the underlying facts and has rebutted the presumption of correctness" in three of his earlier filings herein. (Obj. at 4). Petitioner cites: (1) the Memorandum of Points and Authorities attached to his Petition at pages 36-38, but these pages contain petitioner's contentions that certain statements made by the prosecutor during closing arguments at petitioner's trial were false, and contain no references to the opinion of the Court of Appeal; (2) petitioner's Reply at pages 5-6, but those pages contain petitioner's own version of facts that he asserts were "not included by respondent," and the only objection he raises is that the Court of Appeal's "statement of facts is nothing more than just the reassertion of the … respondent's reply on direct review" (Petitioner's Reply at 5); and (3) petitioner's Reply to the Supplemental Answer at pages 14-16, but those pages concern petitioner's objections to assertions made by respondent and again contain no mention of the Court of Appeal's factual findings. (Obj. at 4). Further, petitioner purports in his Objections to "rebut the presumption of evidence" (Obj. at 4) by objecting to the Magistrate Judge's adoption of the use of the initial "C" to refer to the victim, Crystal, in the Court of Appeal's statement of the facts, but the manner in which any court references the victim has no bearing on the presumption of correctness applicable to the state court's factual finding. In addition, petitioner asserts that the Magistrate Judge "purposely deleted from the summary the following facts," citing to portions of the Reporter's Transcript on Appeal. (Obj. at 8). The R&R, however, cites the "Facts" set forth in the Court of Appeal's opinion in its entirety. (See Lodged Doc. No. 14 at 2-4; R&R at 3-4).

Finally, under 28 U.S.C. § 2254(e)(1), it is incumbent on petitioner to rebut the presumption of correctness applicable to the state court's factual findings with clear and convincing evidence. With respect to the specific objections that petitioner is now raising to the Court of Appeal's "Facts and Procedural History" (Obj. at 4-8), the Court has independently reviewed the record and finds that the record supports the summary of the facts as set forth in the unpublished opinion of the California Court of Appeal. (See Lodged Doc. No. 14 at 2-4). Further, the Court finds that petitioner has failed to meet his burden of setting forth clear and convincing evidence to rebut the presumption of correctness applicable to any of the state court's factual findings.

With respect to the R&R, petitioner's Objections largely appear to arise from petitioner's mistaken ideas that the "Court ought to take petitioner's statement as factual" (Obj. at 13) and that the Court must credit the inferences that petitioner draws from the record. On federal habeas review, however, the Court's only function is to determine whether "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S. Ct. at 786-87. This Court may not "substitut[e] its own judgment for that of the state court, in contravention of 28 U.S.C. § 2254(d)." Woodford, 123 S. Ct. at 360.

In particular, with respect to petitioner's Ground 3, his Miranda claim, the Court rejects petitioner's argument that the Magistrate Judge ignored any portion of petitioner's claim. Petitioner argues that the R&R failed to address petitioner's contention that Detective "Zapalski did, in fact, make a promise to procure petitioner's statement" and that he "relied" on this promise in making his statement to the police. (Obj. at 13-14). Further, in his Objections, petitioner disputes the inferences the state courts drew from the record regarding the circumstances of his interrogation. As stated in the R&R: "The state trial court's determination that, under the circumstances surrounding petitioner's interrogation, the 'threat' that petitioner alleges was made by Detective Zapalski was insufficient to overcome petitioner's will is entitled to a presumption of correctness." (R&R at 17). After taking into account the additional arguments raised in petitioner's Objections, and in light of the record that was before the state court, the Court has no basis for finding that the

1 California courts' rejection of petitioner's <u>Miranda</u> claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 131 S. Ct. at 786-87.

Petitioner also appears to assert that the Magistrate Judge failed to address his contention of cumulative error by trial counsel. (Obj. at 38, citing Pet. Mem. at 97). To the contrary, the Magistrate Judge found that it follows from the findings on petitioner's individual claims of ineffective assistance of trial counsel "that petitioner has failed to show that his counsel's performance was outside the wide range of reasonable professional assistance in any respect that petitioner cannot show any cumulative impact of multiple deficiencies of trial counsel." (R&R at 65).

In addition, petitioner repeatedly misrepresents the R&R. For example, in his apparent contention that the Magistrate Judge failed to consider the entire trial record in determining petitioner's claim of prosecutorial misconduct, petitioner states: "The Magistrate Judge states '[m]isconduct is reviewed in light of the entire trial record, and relief will be granted only if the misconduct itself inflicted the trial with unfairness [R&R 26]. Then, [the Magistrate Judge] references Crystal's testimony." (Obj. at 68). Petitioner then appears to argue that the Court failed to consider declarations that Crystal submitted subsequent to trial. (Obj. at 68-76). The Magistrate Judge, however, did fully consider the declarations in rejecting petitioner's claim of prosecutorial misconduct. (<u>See</u> R&R at 27).

The Magistrate Judge already has addressed the bulk of petitioner's contentions regarding his claims in the R&R.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and petitioner's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is adopted.

1  2. Petitioner's request for an evidentiary hearing is denied.

2  3. Judgment shall be entered consistent with this order.

3  4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: February 8, 2012.

*S. James Otero*

HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

5